## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **GERALD HOLMES,** | § | |
| | § | |
| *Plaintiff,* | § | **CASE NO. 1:25cv_____** |
| | § | |
| **V.** | § | |
| | § | |
| **HAKIZIMANA HASSAN AND** | § | **JURY** |
| **TWIN CARRIER, LLC,** | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Gerald Holmes files this action against Defendants Hakizimana Hassan and Twin Carrier, LLC.  In support thereof, Plaintiff respectfully shows the Court as follows:

### I.  NATURE OF THE CASE

1. On or about August 10, 2024, Plaintiff Gerald Holmes was driving in an eastbound lane of IH-10 in Orange, Orange County, Texas, when an 18-wheeler/tractor-trailer combination made a reckless and improper lane change, crashing into Plaintiff's vehicle, all of which is described more fully below. As a result of this vehicle crash, Plaintiff Gerald Holmes suffered serious and permanent injuries.

### II.  PARTIES

2. Plaintiff Gerald Holmes is an individual and citizen of Louisiana.  Mr. Holmes is domiciled in Calcasieu Parish, Louisiana.

3. Defendant Hakizimana Hassan ("Hassan") is an individual and citizen of Pennsylvania. Defendant Hassan is domiciled in Dauphin County, Pennsylvania at 1438 Berryhill Street, Harrisburg, Pennsylvania, 17104.  Defendant Hassan is a nonresident who engages in business in

1

Texas but does not maintain a place of business in Texas or have a designated agent for service of process. This action arises from Defendant Hassan's business in Texas. Therefore, Defendant Hassan may be served by delivering a copy of this complaint and summons to the Texas Secretary of State at P.O. Box 12079, Austin, Teas 78711. *See* TEX. CIV. PRAC. & REM. CODE § 17.044(b).

4.      Defendant Twin Carrier, LLC ("Twin Carrier) is a foreign limited liability company conducting business in the State of Texas with its principal place of business at 110 Boggs Lane, Suite 175, Springdale, Ohio 45246. Twin Carrier can be served through its principal and registered agent, Milos Nikolic, at 100 E. Campus View Boulevard, Suite 250, Columbus, Ohio 43235. Additionally, Defendant Twin Carrier is a nonresident entity that engages in business in Texas but does not maintain a place of business in Texas or have a designated agent for service of process in Texas. This action arises from Defendant Twin Carrier's business in Texas.  Therefore, Defendant Twin Carrier may be served by delivering a copy of this complaint and summons to the Texas Secretary of State at P.O. Box 12079, Austin, Texas 78711. *See* TEX. CIV. PRAC. & REM. CODE § 17.044(b).

### III.  JURISDICTION

6.      The Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332. Plaintiff is a citizen of Louisiana, Defendant Hassan is a citizen of Pennsylvania, and Defendant Twin Carrier is a citizen of Ohio; thus, there is complete diversity of citizenship between the parties. Additionally, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.      The Court has personal jurisdiction over Defendants Hassan and Twin Carrier because these Defendants routinely and regularly transact business in Texas by operating within the state. Moreover, this action arises out of a wreck that occurred while Defendants were operating a commercial motor vehicle in Orange County, Texas, giving rise to specific personal jurisdiction.

## IV.  <u>VENUE</u>

8.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1) & (2) because a substantial portion of the acts, events, or omissions giving rise to this claim occurred in Orange County, Texas, which falls within the United States District Court for the Eastern District of Texas, Beaumont Division.

## V.  <u>CONDITIONS PRECEDENT</u>

9.      All conditions precedent have been performed or have occurred.

## VI.  <u>FACTUAL BACKGROUND</u>

10.      On or about August 10, 2024, Defendant Hassan, a commercial motor vehicle ("CMV") driver, was driving a 2018 freightliner tractor, VIN # 3AKJGLDV6JSJS3452, in the eastbound outside lane of IH-10, approximately 900 feet west of marker 0879 in Orange County, Texas, while pulling a 2021 Vanguard trailer (VIN #5V8VA532MM101820, per Texas Department of Public Safety Crash Report 20331279.1). Defendant Twin Carrier owned both the above-described tractor and trailer.

11.      Defendant Hassan was within the course and scope of his employment with Defendant Twin Carrier on August 10, 2024, when the wreck underlying this case occurred.

12.      Plaintiff Holmes, driving a 2010 Ford F-150, was traveling in the eastbound inside lane of IH-10, approximately 900 feet west of marker 0879 in Orange County, Texas.

13.      Defendant Hassan made an unsafe lane change and struck the passenger side of Plaintiff Holmes's vehicle.

14.      Defendant Hassan received a citation for "Change Lanes When Unsafe" and "Fail to Maintain Financial Responsibility."

3

15.    Plaintiff Holmes' vehicle sustained significant property damage, and he suffered serious bodily injuries as a result of this crash.

16.    Plaintiff pleads, alternatively, that any preexisting conditions he may have had were aggravated and/or exacerbated by the injuries resulting from the negligent acts, wrongs, or omissions of Defendant Hassan in causing the collision.

### Federal Motor Carrier Safety Regulations

16.    The Federal Motor Carrier Safety Regulations ("FMCSRs") are the federal regulations that set safety and operational standards for companies and individuals operating trucks, vans, buses, and other CMVs involved in interstate commerce. Rules found in the FMCSRs include, among others, those for:

   a.   The qualifications and licensing of drivers;
   b.   Their allowable hours of service and operating requirements;
   c.   Vehicle specifications, inspections, maintenance, and insurance;
   d.   Vehicle marking; and
   e.   Cargo securement.

The rules are written and enforced by the Federal Motor Carrier Safety Administration ("FMCSA") – an agency within the U.S. Department of Transportation – and its state partners.

17.    The FMCSRs apply to all employers, employees, and CMVs that transport property or passengers in interstate commerce (section 390.3), including Defendants.[1] For purposes of the FMCSRs:

   f.   An employer is any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business or assigns employees to operate it (Section 390.5);

   g.   An employee is any individual (other than an employer) who is employed by an employer and who, in the course of that employment, directly affects commercial

---

[1] Texas has adopted Parts 40, 380, 382, 385-387, 390-393, and 395-397, including all interpretations thereto, of the FMCSRs. *See* 37 TEX. ADMIN. CODE §4.11(a).

4

motor safety. This includes drivers (including independent contractors), mechanics and freight handlers (Section 390.5).

18.     According to the FMCSA, a critical factor affecting highway safety is the competency of those placed behind the wheel of a tractor-trailer or tanker weighing thousands of pounds. When the driver is unqualified, the FMCSA believes the risk is compounded exponentially. To help ensure that professional truck and bus drivers are safe drivers, the FMSCA requires motor carriers to verify that their drivers are fully trained and qualified before they drive. These requirements apply at both the hiring stage and on an ongoing basis (49 C.F. R. Parts 380, 382, 383, and 391).

19.     Every self-propelled commercial vehicle, as well as every unit of intermodal equipment, must be marked with identifying information as required in Section 390.21. The markings must include:

a.   The legal name or a single trade name of the motor carrier operating the CMV, using the name appearing on the carrier's registration.

b.   The letters "USDOT" followed by the carrier's USDOT identification number.

20.     If the name of any person other than the operating carrier appears on the CMV, then the above information must be preceded by the words "operated by" so that enforcement can quickly tell which carrier (under which USDOT number) is operating the vehicle.

21.     Compliance with FMCSRs is a shared responsibility among drivers and their employees. Where the driver is specially charged with compliance, Section 390.11 makes the motor carrier responsible for requiring driver compliance.

22.     Whenever a duty is prescribed for a driver or a prohibition is imposed upon the driver, it shall be the duty of the motor carrier to require observance of such duties or prohibitions.

23.     Every employer subject to the FMCSRs is required to be knowledgeable of and to comply with all regulations that apply to the company's operation. This also means that every driver and employer must be instructed regarding, and must comply with, those regulations.

### Motor Carrier Defendant Twin Carrier

24.     Defendant Twin Carrier operates as a Motor Carrier under USDOT #3418735, operating as a "for hire" interstate carrier of "general freight" cargo. Defendant Twin Carrier employed and retained CMV driver, Defendant Hassan, as a motor carrier operating in interstate and intrastate commerce and is subject to and must comply with the FMCSRs and applicable Texas law.

25.     Twin Carrier owned the tractor and the trailer involved in the crash made the basis of this suit.

### CMV Driver Defendant Hassan

26.     At the time of the collision made the basis of this suit, Defendant Hassan possessed a commercial driver's license issued by the state of Pennsylvania.

### VII.  CAUSES OF ACTION

16.     Plaintiff Holmes hereby adopts, incorporates, restates, and re-alleges the preceding paragraphs with regard to all causes of action.

17.     The collision was caused by one or more negligent acts and/or omissions on the part of Defendants. The negligent acts were the proximate cause of Plaintiff's serious and debilitating personal injuries.

18.     The collision and all damages and injuries resulting therefrom were not caused by or contributed to by Plaintiff or an innocent third party; nor did same occur through any fault or negligence on the part of Plaintiff, but were caused solely by the acts, wrongs, and/or omissions of Defendants, which said acts, wrongs, and/or omissions were the proximate cause of the injuries and damages sustained by Plaintiff.

**A.    Negligence**

19.    Plaintiff Holmes hereby adopts, incorporates, restates, and re-alleges the preceding paragraphs.

20.    Defendant Hassan is liable for Plaintiff's injuries and damages because of numerous negligent acts and omissions by Defendant Hassan; including, but not limited to the following:

    a.    Making an unsafe lane change;

    b.    In failing to maintain his lane;

    c.    In failing to operate a motor vehicle at a speed that was reasonable and prudent under the conditions and with regard to the actual and potential hazards then existing;

    d.    In failing to maintain a safe distance between the motor vehicle he was operating and Plaintiff's vehicle;

    e.    In failing to maintain a proper lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

    f.    In failing to stay alert;

    g.    In failing to properly and timely apply his brakes;

    h.    In failing to turn, swerve, or otherwise maneuver his vehicle in order to avoid the collision made the basis of this suit;

    i.    In failing to maintain a single lane;

    j.    In failing to maintain proper control of his vehicle; and

    k.    Various other acts of negligence and negligence per se to be specified at the time of trial.

21.    Defendant Twin Carrier is liable for Plaintiff's injuries and damages because of numerous negligent acts and omissions by Defendant Hassan; including, but not limited to the following:

    a.    Making an unsafe lane change;

    b.    In failing to maintain his lane;

    c.    In failing to operate a motor vehicle at a speed that was reasonable and prudent under the conditions and with regard to the actual and potential hazards then existing;

    d.    In failing to maintain a safe distance between the motor vehicle he was operating and Plaintiff's vehicle;

    e.    In failing to maintain a proper lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

    f.    In failing to stay alert;

    g.    In failing to properly and timely apply his brakes;

    h.    In failing to turn, swerve, or otherwise maneuver his vehicle in order to avoid the collision made the basis of this suit;

    i.    In failing to maintain a single lane;

    j.    In failing to maintain proper control of his vehicle; and

    k.    Various other acts of negligence and negligence per se to be specified at the time of trial.

22.    Each of these acts and omissions, singularly, or in combination with others, constitutes negligence, which proximately caused the occurrence made the basis of this action and the Plaintiff's injuries and damages.

23.     In addition to and/or alternatively, Defendant Twin Carrier knew that permitting an unfit driver to operate a CMV on roadways in Texas involved an extreme degree of risk to passengers and other motorists, considering the probability and magnitude of the potential harm. Nevertheless, Defendant Twin Carrier elected to ignore industry standards and Texas law by putting an unfit driver behind the wheel of the CMV, and other acts of negligence.

24.     Additionally, Defendant Hassan elected to ignore and knowingly and intentionally violate federal regulations, industry standards, and Texas law.

**B.      Respondeat Superior**

25.     Plaintiff Holmes hereby adopts, incorporates, restates, and re-alleges the preceding paragraphs.

26.     At all times relevant, Defendant Hassan was an employee, borrowed employee, and/or agent of Defendant Twin Carrier and was acting within the course and scope of his employment and/or agency with the consent, permission, authorization and knowledge of Defendant Twin Carrier.

27.     At all material times, Defendant Twin Carrier exercised control over Defendant Hassan's work and the means, method, and manner of such work.

28.     Defendant Hassan was an employee and/or agent of Defendant Twin Carrier and was in the course and scope of his employment with Defendant Twin Carrier at the time of the collision. Defendant Twin Carrier entrusted Defendant Hassan with a tractor and trailer for hauling activities. Defendant Twin Carrier is liable for the negligence of Defendant Hassan.

## VIII. <u>DAMAGES</u>

28.     Plaintiff Holmes hereby adopts, incorporates, restates, and re-alleges the preceding paragraphs.

29.     As a result of injuries and damages sustained by Plaintiff at the hands of the Defendants, Plaintiff hereby sues for the following items of damage:

      a.     Physical pain and suffering in the past;

      b.     Physical pain and suffering the Plaintiff will experience in the future;

      c.     Mental anguish suffered in the past;

      d.     Mental anguish the Plaintiff will experience in the future;

      e.     Medical expenses incurred in the past;

      f.     Medical expenses the Plaintiff will incur in the future;

      g.     Physical impairment suffered in the past;

      h.     Physical impairment the Plaintiff will suffer in the future;

      i.     Loss of quality of life; and

      j.     Property damage.

## IX. PREJUDGMENT, POST JUDGMENT INTEREST, AND COURT COSTS

30.     Plaintiff hereby adopts, incorporates, restates and re-alleges the preceding paragraphs.

31.     Plaintiff seeks to recover the maximum amount of prejudgment and post judgment interest allowed by law.

32.     Plaintiff seeks to recover his Court Costs.

## X. RELIEF REQUESTED

34.     The preceding factual statements and allegations are incorporated by reference.

35.     For these reasons, Plaintiff prays for judgment against Defendants for the following:

      a.  Actual damages;

      b.  Pre-judgment and post-judgment interest;

      c.  Attorney's fees and expenses;

      d.  Costs of Court; and

e.  Such other and further relief as the Court deems just and equitable.

## XI. <u>JURY DEMAND</u>

36.    Plaintiff respectfully demands a trial by jury and has tendered the appropriate fee.

## XII. <u>PRAYER</u>

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests Defendants to be cited to appear and answer herein, and that upon final trial hereof, the Court award the relief requested against Defendants.

Respectfully submitted,

**BERNSEN LAW FIRM PLLC**

<u>*/s/ David Bernsen*</u>
David Bernsen
State Bar No. 02217500
dbernsen@bernsenlaw.com
Cade Bernsen
State Bar No. 24073918
cbernsen@bernsenlaw.com
Jamie Matuska
State Bar No. 24051062
jmatuska@bernsenlaw.com
Marianne Laine
State Bar No. 24062834
mlaine@bernsenlaw.com
420 MLK Jr. Parkway
Beaumont, Texas 77701
(409) 212-9994
(409) 212-9411 facsimile

**ATTORNEYS FOR PLAINTIFF**